**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

CODY BLAIR and LISA BRANCH, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company,

        Defendant.

**CLASS ACTION COMPLAINT AND JURY DEMAND**

### I.    INTRODUCTION

Plaintiffs Cody Blair ("Blair") and Lisa Branch ("Branch") (collectively "Plaintiffs") bring this Class Action Complaint against Defendant Lowe's Home Centers, LLC, ("Lowe's" or "Defendant") for damages resulting from Defendant's systematic breaches of its separation contracts. That is, Lowe's provided separation offers (styled "Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowes") to Plaintiffs Blair and Branch and numerous other employees which were accepted. Despite this acceptance by the Class Members, however, Lowe's has refused to pay the amounts stated and agreed to in the contracts and instead attempted to only pay reduced amounts—going so far as to post-date letters to give the false appearance that they had been previously sent.

Plaintiffs Blair and Branch, on behalf of themselves and all others similarly situated, file this lawsuit seeking damages for breach of contract and other relief and, in support, state as follows based on their personal knowledge, including an investigation done by their attorneys:

## II.     PARTIES

1.     Plaintiff Cody Blair is an individual and citizen of the State of Colorado. Blair was hired to work at a Lowe's location in Littleton, Colorado. Thereafter, she transferred to Lowe's store 2274 in Castle Rock, Colorado.

2.     Plaintiff Lisa Branch is an individual and citizen of the State of Florida. Ms. Branch worked at Lowe's May 19th, 2007 until February 1, 2019. Her positions included Cashier, Installed Sales Coordinator, Department Manager, Loss Prevention Manager, and Assistant Store Manager & Loss Prevention Manager.

3.     Defendant Lowe's is a limited liability company existing under the laws of the State of North Carolina. Its principal office address is 1605 Curtis Bridge Rd., Wilkesboro, North Carolina 28697.

4.      Lowe's has locations in all 50 States and does business throughout the United States, including in the State of Colorado and in this District.

## III.     JURISDICTION & VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d) *et seq.*, as the action is a class action consisting of at least 100 persons where the amount in controversy of their common claims, when aggregated, exceeds $5 million, and there is minimal

2

diversity. Furthermore, none of the exceptions to CAFA applies here.

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conducts business in this District, and a substantial part of the events giving rise to the claims asserted here occurred in and were directed to this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in and was directed to this District. Venue is additionally proper because Plaintiff Blair resides in this District and worked at, and was terminated from, a Lowe's location located within this District.

## IV. COMMON ALLEGATIONS OF FACT

8. This case challenges Defendant's systemic breaches of its Release and Separation Agreement with Plaintiffs and the other Class Members.

9. In early January 2019, Lowe's informed its Loss Prevention Managers of what Lowe's termed an "Organizational Change."

10. This was a euphemism for mass layoffs. The Organizational Change meant the elimination of thousands of employees who had served as managers in the Loss Prevention Department.

11. Terminated employees were offered "Release and Separation Agreement[s]" which expressly incorporated a specified sum of money that would be paid as severance. *See* "Blair and Branch Release and Separation Agreements," true and accurate copies of which are hereto as Group Ex. A.

12. Despite the fact that employees accepted the Release and Separation Agreements by signing and returning the agreements and otherwise performing as required, Lowe's decided to breach the contracts by refusing to pay the amounts specified in the signed contracts.

13. That is, Lowe's refused to pay the agreed-upon sums and instead indicated, via backdated letters to the Class Members, that "the severance calculation in your Release and Separation Agreement may be incorrect. Enclosed in a correct severance calculation in accordance with Lowe's Severance Pay Plan." *See* "Back-dated Letter to Blair," a true and accurate copy of which is attached as Ex. B.

14. These back-dated letters did not rescind or revoke the prior offers.

15. Lowe's Severance Pay Plan was not incorporated into any contract documents. Rather, the agreed-upon sum was expressly incorporated into the contract documents.

16. By refusing to pay the agreed-to amounts and instead attempting to pay lower sums by claiming its calculations "may be incorrect," Lowe's has breached the Release and Separation Agreements and has caused damages to the Plaintiffs and the Class.

### V.   FACTS SPECIFIC TO PLAINTIFFS BLAIR & BRANCH

17. Plaintiff Blair was hired by Lowe's on April 9, 2011.

18. Plaintiff Blair worked as a Loss Prevention Manager.

19. Plaintiff Blair was notified on or about February 1, 2019 that her position was being eliminated and that her employment with Lowe's would be terminated

effective February 16, 2019.

20.     On or about February 16, 2019 Plaintiff Blair received a Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowe's." (Ex. A.)

21.     The offer conferred a power of acceptance on Plaintiff Blair of the attached terms. To accept, Plaintiff Blair was required to "sign the "Release and Separation Agreement" and comply with its terms." (Ex. A.)

22.     Plaintiff Blair signed the Release and Separation Agreement and complied with its terms.

23.     Lowe's also sent Plaintiff Blair a letter, <u>back dated</u> to February 15, 2019, that stated, "It has come to our attention that the severance calculation in your Release and Separation Agreement may be incorrect. Enclosed is a correct severance calculation in accordance with Lowe's Severance Pay Plan. We apologize for the inconvenience.

24.     Plaintiff Blair demanded to be paid the agreed to amount, but Lowe's refused.

25.     Plaintiff Branch Worked at Lowe's May 19th, 2007 until February 1, 2019. Her positions included Cashier, Installed Sales Coordinator, Department Manager, Loss Prevention Manager, and Assistant Store Manager & Loss Prevention Manager.

26.     Plaintiff Branch worked for Lowe's in Florida.

27.     On or about February 1, 2019, Plaintiff Branch was informed that her position was being eliminated and that she was being terminated.

5

28.　On or about February 16, 2019, Lowe's sent Branch a "Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowe's."

29.　The Notice included a severance amount of $14,104.80.

30.　Branch accepted the Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowe's by signing it and returning it to Lowe's.

31.　Despite her acceptance, Lowe's sent a letter, falsely dated February 15, 2019, stating that the prior Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowe's had contained an error and that Branch needed to execute a new agreement that only called for a payment of $9,403.20.

32.　Branch complained in writing to Lowe's, but Lowe's refused to honor its original Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowe's, claiming that it had never countersigned the offer as supposedly required to have made it effective.

## VI.　CLASS ACTION ALLEGATIONS

33.　In accordance with Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiffs bring this class action on behalf of the following class of persons:

> All persons in the United States who: (1) were employed by Lowe's as Loss Prevention Managers, (2) were terminated from their positions in 2019, (3) were sent "Release and Separation Agreements" which specified sums of money that would be paid as severance, and (4) who signed the Release and Separation Agreements and returned them to Lowe's but who (5) did not receive the specified sums set forth in the Agreements due to what Lowe's has claimed was an "error."

34.　The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant,

6

Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiffs anticipates the need to amend the class definition following appropriate class discovery.

35.     Numerosity (Fed. R. Civ. P. 23(a)(1)): Plaintiffs are informed and believe, and upon such information and belief aver, that the number of persons who fall within the definition of the Class set forth above is so numerous that joinder of all members would be impracticable. Plaintiffs are informed and believe, and upon such information and belief aver, that the number of class members is over two hundred persons.

36.     Commonality (Fed. R. Civ. P. 23(a)(2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

    a.   Whether the Defendant made offers to the Class Members that included specific sums of money;

    b.   Whether the offers were accepted and, if so, whether a contract was formed;

    c.   Whether Lowe's breached the Release and Separation Agreements by failing to pay the specified sums;

    d.   Whether the Plaintiffs and the other members of the Class are

7

entitled to damages.

37.     Typicality (Fed. R. Civ. P. 23(a)(3)): The Plaintiffs' claims are typical of the claims of all class members. The Plaintiffs signed and returned the Release and Separation Agreements that Lowe's sent to them yet they weren't paid the sums specified in those contracts.

38.     Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)): The Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are interested in this matter, have no actual conflicts, and have retained experienced class counsel to represent the Class.

39.     Common Conduct (Fed. R. Civ. P. 23(b)(2)): Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate.

40.     Predominance, Superiority, and Manageability (Fed. R. Civ. P. 23(b)(3)): Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    a.     Proof of the claims of the Plaintiffs will also prove the claims of the Class without the need for separate or individualized proceedings;

    b.     Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

   c. The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

   d. The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

   e. This case is manageable as a class action in that Defendant identified persons or entities to receive the Release and Separation Agreements and it is believed that the Defendant's computer and business records will enable the Plaintiffs to readily identify class members and establish liability and damages; Liability and damages can be established for the Plaintiffs and the Class with the same common proofs; A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense; A class action will contribute to uniformity of decisions concerning the Defendant's practices; and as a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

### VII. CAUSE OF ACTION
### Claim for Relief for Breach of Contract
### (On Behalf of Plaintiffs and the Class)

41. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

42. Plaintiffs were provided offers for severance payments as set forth in the Release and Separation Agreements sent to them by Lowe's.

43. Plaintiffs accepted the terms by signing and returning the Release and Separation Agreements to Lowe's.

44. Lowe's breached the Release and Separation Agreements by failing to pay the amounts specified in the Release and Separation Agreements, instead claiming that it had made a mistake in the calculation and would only pay new, reduced amounts.

45. Lowe's payments of any reduced amounts do not satisfy the remaining sums due from/owed by Lowe's to Plaintiffs and the other class members.

46. Prior to filing this suit, Plaintiffs each provided Lowe's with at least 20-days notice to cure, but Lowe's refused to correct its breaches.

47. As an actual and proximate result of Lowe's breaches of the Release and Separation Agreements, the Plaintiffs and the other class members have suffered damages in being denied the sums that were promised to them.

48. Plaintiffs seek a judgment awarding damages in amounts to be proven at trial as well as a declaration that Lowe's breached the Release and Separation Agreements.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class, pray for the following relief:

1. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiffs as the representatives of the Class and appointing their attorneys' as Class Counsel;

   2. An award of actual monetary loss caused by Defendant's breaches of contract to be paid into a common fund for the benefit of the Plaintiffs and the Class Members;

   3. An order declaring that Defendant's conduct breached the Release and Separation Agreements;

   4. An award of pre- and post-judgment interest;

   5. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

   6. A payment to a suitable cy pres designee of all monies not claimed; and

   7. Such further and other relief the Court deems reasonable and just.

## IX. JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated: November 12, 2019

        CODY BLAIR and LISA BRANCH
        individually, and on behalf of all others
        similarly situated,

        By: /s/ Steven L. Woodrow

        Steven L. Woodrow
        swoodrow@woodrowpeluso.com
        Patrick H. Peluso
        ppeluso@woodrowpeluso.com
        Taylor T. Smith
        tsmith@woodrowpeluso.com
        Woodrow & Peluso, LLC
        3900 East Mexico Ave., Suite 300
        Denver, Colorado 80210
        Telephone: (720) 213-0675

Facsimile: (303) 927-0809

Laura S. Tuel, Esq
laura@theadvocateedge.com
The Advocate Edge, LLC
3900 E. Mexico Ave, Suite 300
Denver, CO 80210
Telephone: (720) 588-9827

*Counsel for Plaintiffs and the Putative Class*

12