# **EXHIBIT A**

# LOWE'S

February 16, 2019

**VIA UPS DELIVERY**

## NOTICE OF
## SEPARATION AND OFFER OF SPECIAL SEPARATION BENEFIT
## FOR CERTAIN EMPLOYEES OF LOWE'S

Dear Associate,

On or about January 4, 2019, you were notified that your position with Lowe's (the "Company") would be eliminated and that your employment would be terminated effective February 16, 2019.

As explained in more detail in the attached "Release and Separation Agreement," the Company is offering to pay you a severance payment if, <u>but only if</u>, you sign the "Release and Separation Agreement" and comply with its terms.

Please read the attached document carefully. You are hereby advised to consult with an attorney before deciding whether to accept the Company's offer.

After you have signed the Agreement, please return it to the address below promptly so that we can process your severance payment pursuant to the terms of the Agreement.

**Severance Pay Plan – PRN2**
**Lowe's Companies, Inc.**
**1605 Curtis Bridge Road**
**Wilkesboro, NC 28697**

We regret that this action is necessary and thank you for your past service to Lowe's.

If you have any questions, please contact the HR Service Center at 1-844-HR-LOWES (1-844-475-6937).

## RELEASE AND SEPARATION AGREEMENT

THIS RELEASE AND SEPARATION AGREEMENT ("Agreement"), is made and entered into this the ___ day of _____, 2019 by and between LOWE'S HOME CENTERS, LLC, a North Carolina corporation, its parents, subsidiaries and affiliates (hereinafter referred to as "Lowe's" or "the Company") and Cody Blair, with residence located at 6704 Fonder Drive Parker, CO 80134 ("Employee").

NOW, THEREFORE, for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the parties do hereby agree, covenant and stipulate as follows:

1. Termination of Employment. Employee agrees that Employee's employment with Lowe's was terminated effective 2/2/2019. ("Termination Date").

2. Consideration. In consideration of the release of Lowe's by Employee, Lowe's agrees to pay Employee severance pay, minus applicable withholdings (the "Consideration"). Employee acknowledges and agrees that Employee has been provided with a specific written calculation of Employee's individualized Severance Pay amount; this individualized written calculation of the Consideration is hereby incorporated by reference into this Agreement. The Consideration shall be paid in a lump sum minus applicable withholdings following full execution of this agreement.

   (a) Outplacement Assistance: As further consideration for Employee's release, the Company will make outplacement services available to Employee through a provider chosen by the Company. Such services will not be offered prior to Employee's execution of the Agreement and any applicable revocation period. The services provided by the vendor and the duration thereof will be at the Company's discretion.

3. No Further Compensation. Employee agrees that the foregoing Consideration shall constitute the entire amount of monetary consideration to which Employee is entitled under this Agreement, that Employee has been paid all compensation owed to Employee during Employee's employment, that Employee is not entitled to any further monetary consideration whatsoever from the Company, that Employee will assume payment of any attorney fees or costs that Employee has incurred in connection with negotiating this Agreement or otherwise related to Employee's employment or separation from employment with Lowe's, and that Employee will not seek any further compensation or consideration for any other claimed damages, costs, or attorney fees in connection with the matters encompassed by this Agreement, or any other events or circumstances that existed or occurred prior to Employee's execution of this Agreement.

4. Confidentiality. Employee agrees that the terms and conditions of this Agreement shall be strictly confidential and shall not be disclosed to any person or persons at any time, unless a party is legally compelled to do so. Excepted from this confidentiality provision are the

attorneys, accountants, and/or tax advisors for Employee and those required by law to be given such information, and then only such terms as may be necessary. Employee agrees that actual damages will be sustained by Lowe's by reason of a breach of this paragraph providing for confidentiality of this Agreement, and that injunctive relief is appropriate in the event of a breach of this provision of the Agreement.

5. <u>General Release</u>. Employee covenants and agrees that Employee hereby irrevocably and unconditionally releases, acquits and forever discharges Lowe's, as well as each of Lowe's officers, directors, employees, parents, subsidiaries, or related entities and agents (Lowe's and Lowe's officers, directors, employees, parents, subsidiaries, related entities, and agents being collectively referred to herein as the "Releasees"), or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, demands, costs, losses, debts, and expenses (including attorney fees and costs actually incurred), of any nature whatsoever, in law or equity, arising out of Employee's employment with Lowe's or the termination of Employee's employment with Lowe's (other than any claim arising out of the breach by Lowe's of the terms of this Agreement), including, without limitation, all claims asserted or that could be asserted by Employee against Lowe's in any litigation arising in federal, state, or municipal court asserting any claim arising from any alleged violation by the Releasees of any federal, state, or local statutes, ordinances, or common law, including, but not limited to, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Americans with Disabilities Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act of 1974, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Family and Medical Leave Act, the Civil Rights Act of 1866, and any other employment discrimination laws, as well as any other claims based on constitutional, statutory, common law, or regulatory grounds, as well as any claims based on theories of retaliation, wrongful or constructive discharge, breach of contract or implied covenant, fraud, misrepresentation, intentional and/or negligent infliction of emotional distress, or defamation ("Claim" or "Claims"), which Employee now has, owns, or holds, or claims to have, own, or hold, or which Employee had, owned, or held, or claimed to have, own or hold at any time before execution of this Agreement, against any or all of the Releasees. Notwithstanding the foregoing, however, Employee specifically does not release any right to or claim for payment of any and all vested and nonforfeitable benefits, payments, or stock rights, including all rights, if any, under the Lowe's 401(k) Plan, Lowe's Companies Benefit Restoration Plan, Lowe's Companies Cash Deferral Plan, Lowe's Companies Employee Stock Ownership Plan or Lowe's Companies Employee Stock Purchase Plan – Stock Options for Everyone.

6. <u>Covenant Not to Sue</u>.

(a) Employee must not file or be a class representative in any claim, lawsuit or complaint against any Releasee based on the claims released in this agreement. Further, Employee must not authorize or assist any other party to institute a claim, lawsuit, or complaint against any Releasee.

(b) This Agreement does not interfere with Employee's right to file a charge with or participate in an investigation or proceeding conducted by, or provide information to the Equal Employment Opportunity Commission ("EEOC") or the Securities

and Exchange Commission ("SEC") or to file a complaint under the Older Workers' Benefit Protection Act, 29 U.S.C. § 626(f), challenging the validity of this agreement.

(c) Employee represents and warrants that Employee has not initiated or filed any action, complaint, or claim against the Releasees with any federal, state or local court.

(d) The consideration provided to Employee under this agreement is the sole relief Employee is entitled to for the claims released and waived in this agreement. Thus, Employee will not be entitled to recover, and must waive all monetary benefits or recovery, against the Releasees in connection with any EEOC, state, or local agency charge or a representative or class action lawsuit regardless of who brings the charge or lawsuit, except that Employee does not waive any right Employee may have to an award paid by the SEC.

(e) Employee further agrees that if at any time hereafter Employee shall file or join in any suit or assert any claim against the Releasees relating to any matter released—for any purpose other than those listed in 7(b) above—then a) Employee agrees that Employee will not attack and shall be estopped from attacking the legal validity or sufficiency of this agreement; and b) Employee shall reimburse Lowe's for its reasonable attorneys' fees and costs incurred in connection with the defense of such suit or claim. If such an action, complaint, claim, or charge has been initiated or filed by Employee or on Employee's behalf, Employee will use Employee's best efforts to cause it immediately to be withdrawn and dismissed with prejudice.

7. <u>No Assignment Of Rights Under Agreement; Indemnification</u>. If any claim, action, demand, or suit should be made or instituted against the Releasees, or any of them, because of any such purported assignment, subrogation, or transfer, Employee agrees to indemnify and hold harmless the Releasees, and each of them, against such claim, action, demand, or suit, including damages, expenses of investigation, attorney fees, and costs.

8. <u>No Improper Actions or Omissions</u>. Employee represents and warrants that Employee has no knowledge of any improper or illegal actions, misstatements or omissions by the Company, is not aware of any facts or evidence that could give rise to such a claim, nor does Employee know of any basis on which any third party or governmental entity could assert such a claim. The previous sentence expressly includes, but is not limited to, any and all conduct that potentially could give rise to claims or liability under the Securities Exchange Act of 1934 ("Exchange Act"), Sarbanes-Oxley Act of 2002 or the Dodd-Frank Wall Street Reform and Consumer Protection Act. Employee further represents and warrants that Employee has fulfilled Employee's duties to the Company to the best of Employee's abilities and in a reasonable and prudent manner, and that Employee has not knowingly engaged, directly or indirectly, in any actions or omissions that could be perceived as improper or unlawful, nor has Employee failed to report any such actions or omissions to the Company.

Employee affirms that Employee has no information concerning any conduct involving the Company that Employee has any reason to believe may be unlawful or that involves any false claims to the United States. Employee promises to cooperate fully in any investigation

the Company undertakes into matters that occurred during Employee's employment with the Company. Employee understands that nothing in this Agreement prevents Employee from cooperating with any government investigation, making a truthful statement or complaint to law enforcement or a government agency, testifying under oath to law enforcement or a government agency, or from complying with a properly-served and lawfully issued subpoena or similar order issued by a government agency or court of competent jurisdiction. In addition, to the fullest extent permitted by law, Employee hereby irrevocably assigns to the U.S. government any right Employee might have to any proceeds or awards in connection with any false claims proceedings against the Company or any affiliated entity arising under the False Claims Act, any state false claims statute, or any other federal, state or municipal law, statute or regulation providing for recovery to whistleblowers, except that Employee does not assign any award paid by the SEC to which Employee may be entitled.

   9.  Payment by Lowe's. Employee acknowledges that, from the gross amount of the Consideration, Lowe's shall withhold all amounts required by appropriate taxing authorities, and that Lowe's shall issue the appropriate W-2 form or other appropriate tax forms to Employee. The Company will make payment of the Consideration via Direct Deposit to the Employee's account as previously designated by Employee.

   Employee expressly acknowledges that the Company has made no representations to Employee regarding the tax consequences of the Consideration received pursuant to this Agreement, and that the amount likely will be considered to be taxable income and subject to disclosure to the appropriate taxing authorities. Employee agrees that Employee is solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, that are required by law to be paid with respect to the Consideration. Employee agrees that in the event it should be subsequently determined that withholding or payment of taxes on any amounts received by Employee under this Agreement, or any part thereof, should have been made, Employee personally shall be solely responsible for all such taxes, as well as for any related penalties or interest that may be due and, in addition, does hereby agree to indemnify, defend, and hold harmless the Company from or against any payment, interest, or penalty incurred by the Company in connection with any claim, including any claim made under the federal or state tax laws, concerning the Consideration.

   10.  Consultation with Attorney. Employee acknowledges and agrees that Employee has been afforded sufficient time to carefully consider the terms of this Agreement and to undertake consultation with an attorney prior to entering into this Agreement.

   11.  Injunctive Relief. Lowe's and Employee agree that the provisions herein are important to and of material consideration to Lowe's and that Lowe's considers that monetary damages alone are an inadequate remedy to Lowe's for any breach of the provisions hereof. Employee further stipulates that, upon any material breach by Employee of the provisions herein Lowe's shall be entitled to injunctive relief against Employee from a court having personal jurisdiction of Employee. This section shall not be deemed to limit the legal and equitable remedies available to Lowe's or to limit the nature and extent of any claim by Lowe's for damages caused by Employee for breach of this Agreement.

12. **Repayment of Severance Upon Reemployment.** Employee agrees that if Employee is subsequently reemployed by the Company or another affiliated Company, and at the time of such reemployment the number of weeks that have elapsed between Employee's Termination Date and reemployment date is less than the number of weeks of Severance Pay which Employee received or was entitled to receive under the terms herein, then the following will occur:

 (a) If Employee has not yet received the Severance Pay, the Severance Pay will not be paid; or

 (b) If Employee has already received the Severance Pay, the Employee will be required to repay the portion of the Severance Pay in excess of the number of weeks that have elapsed between the Termination Date and the reemployment date.

Employee acknowledges that any subsequent employment with the Company or its affiliates is contingent upon Employee's satisfaction of this provision.

13. **No Encouragement of Claims Against The Company.** Except as may be required by court order or subpoena, Employee represents and warrants that Employee will not volunteer testimony or cooperation to any other individual or entity with respect to actual or potential claims against the Releasees, and Employee will not, directly or indirectly, encourage any individual or entity to assert any claim against the Releasees. This provision shall not preclude Employee from testifying truthfully pursuant to a proper subpoena issued by a court of competent jurisdiction, nor will Employee be precluded from cooperating with federal, state, or local agencies that are investigating any claims of discrimination, harassment, or other unlawful conduct. Furthermore, this provision does not restrict or qualify the Employee's ability to provide information to or cooperate with the SEC regarding actual or potential claims against Releasees, nor does this provision obligate Employee to notify Lowe's in the event the SEC contacts Employee seeking Employee's cooperation.

14. **Return of Company Property.** Employee represents and warrants that Employee has returned or will return within 7 days of Employee's execution of this Agreement, any and all property, information, data or documents belonging to the Company, including any copies or summaries currently in Employee's possession, custody, or control, regardless of location. Employee acknowledges that Employee has not transferred or otherwise released custody or control of any property, data or documents belonging to the Company except as expressly authorized. Property shall also include, but not be limited to, cell phones, iPods, laptop computers, credit cards, passcards, keys, and any other items that belong to the Company.

15. **Default and Notice.** In the event Lowe's fails to make any payment due under the provisions of this Agreement, Employee shall give written notice of such failure to Lowe's, and Lowe's shall have a period of 20 business days from receipt of such notice in which to cure such failure. For purposes of this Agreement, unless otherwise specified in this Agreement, all notices to Lowe's shall be in writing and either hand delivered or sent by Certified Mail, Return Receipt Requested to Lowe's General Counsel at the following address:

General Counsel
Lowe's Companies, Inc.
1000 Lowes Boulevard
Mooresville, NC 28117

16. <u>Waiver of Breach</u>. Any waiver by either party of a breach of this Agreement will not constitute a waiver of any further breach, whether of a similar or dissimilar nature.

17. <u>Severance Plan</u>. Employee further acknowledges the following with respect to the Lowe's Companies Severance Pay Play (the "Severance Plan"): the Consideration described herein represents the full payment to which Employee is entitled under the Severance Plan; execution of this Agreement is a condition of receiving this Consideration under the Severance Plan; and, Employee remains bound by all provisions of the Severance Plan that survive employment termination.

18. <u>Whole Agreement, Amendment and Severability</u>. This Agreement, Employee's individualized statement of the Consideration and any Addendum referenced herein, contain the whole and entire understanding and agreement between the parties hereto. There are no other understandings, promises, covenants, or agreements between the parties regarding the subject matter of this Agreement, except as specifically set forth herein. This Agreement may not be amended, modified, or altered in any fashion except in writing executed by the parties hereto with the same formality as with which this Agreement is executed. Employee understands and agrees that each clause of this Agreement is a separate and independent clause, and that, if any clause should be found unenforceable, such clause should be and is hereby severed from this Agreement and will not affect the enforceability of any of the other clauses herein.

**Signature Page Follows**

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals the day and year first above written.

LOWE'S HOME CENTERS, LLC.            Cody Blair    001566607

By: _____          By: _____

Name: _____

Title: _____

Date: _____          Date: _____

7

## Individual Consideration Calculation

Employee Name: Cody Blair

Employee ID: 001566607

Date of Hire: 4/9/2011

Location: 2274

Individual Severance Amount: $13,339.57

# LOWE'S

February 16, 2019

VIA UPS DELIVERY

## NOTICE OF
## SEPARATION AND OFFER OF SPECIAL SEPARATION BENEFIT
## FOR CERTAIN EMPLOYEES OF LOWE'S

Dear Associate,

On or about January 4, 2019, you were notified that your position with Lowe's (the "Company") would be eliminated and that your employment would be terminated effective February 16, 2019.

As explained in more detail in the attached "Release and Separation Agreement," the Company is offering to pay you a severance payment if, <u>but only if</u>, you sign the "Release and Separation Agreement" and comply with its terms.

Please read the attached document carefully. You are hereby advised to consult with an attorney before deciding whether to accept the Company's offer.

After you have signed the Agreement, please return it to the address below promptly so that we can process your severance payment pursuant to the terms of the Agreement.

**Severance Pay Plan – PRN2**
**Lowe's Companies, Inc.**
**1605 Curtis Bridge Road**
**Wilkesboro, NC 28697**

We regret that this action is necessary and thank you for your past service to Lowe's.

If you have any questions, please contact the HR Service Center at 1-844-HR-LOWES (1-844-475-6937).

Region: 27 Market:

1226

# RELEASE AND SEPARATION AGREEMENT

THIS RELEASE AND SEPARATION AGREEMENT ("Agreement"), is made and entered into this the 13 day of February, 2019 by and between LOWE'S HOME CENTERS, LLC, a North Carolina corporation, its parents, subsidiaries and affiliates (hereinafter referred to as "Lowe's" or "the Company") and Lisa Nichol Branch, with residence located at 9919 Country Oaks Drive Fort Myers, FL 33967 ("Employee").

NOW, THEREFORE, for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the parties do hereby agree, covenant and stipulate as follows:

1. Termination of Employment. Employee agrees that Employee's employment with Lowe's was terminated effective 2/2/2019. ("Termination Date").

2. Consideration. In consideration of the release of Lowe's by Employee, Lowe's agrees to pay Employee severance pay, minus applicable withholdings (the "Consideration"). Employee acknowledges and agrees that Employee has been provided with a specific written calculation of Employee's individualized Severance Pay amount; this individualized written calculation of the Consideration is hereby incorporated by reference into this Agreement. The Consideration shall be paid in a lump sum minus applicable withholdings following full execution of this agreement.

    (a) Outplacement Assistance: As further consideration for Employee's release, the Company will make outplacement services available to Employee through a provider chosen by the Company. Such services will not be offered prior to Employee's execution of the Agreement and any applicable revocation period. The services provided by the vendor and the duration thereof will be at the Company's discretion.

3. No Further Compensation. Employee agrees that the foregoing Consideration shall constitute the entire amount of monetary consideration to which Employee is entitled under this Agreement, that Employee has been paid all compensation owed to Employee during Employee's employment, that Employee is not entitled to any further monetary consideration whatsoever from the Company, that Employee will assume payment of any attorney fees or costs that Employee has incurred in connection with negotiating this Agreement or otherwise related to Employee's employment or separation from employment with Lowe's, and that Employee will not seek any further compensation or consideration for any other claimed damages, costs, or attorney fees in connection with the matters encompassed by this Agreement, or any other events or circumstances that existed or occurred prior to Employee's execution of this Agreement.

4. Confidentiality. Employee agrees that the terms and conditions of this Agreement shall be strictly confidential and shall not be disclosed to any person or persons at any time, unless a party is legally compelled to do so. Excepted from this confidentiality provision are the

1

Region: 27 Market:

1226

attorneys, accountants, and/or tax advisors for Employee and those required by law to be given such information, and then only such terms as may be necessary. Employee agrees that actual damages will be sustained by Lowe's by reason of a breach of this paragraph providing for confidentiality of this Agreement, and that injunctive relief is appropriate in the event of a breach of this provision of the Agreement.

5.      General Release. Employee covenants and agrees that Employee hereby irrevocably and unconditionally releases, acquits and forever discharges Lowe's, as well as each of Lowe's officers, directors, employees, parents, subsidiaries, or related entities and agents (Lowe's and Lowe's officers, directors, employees, parents, subsidiaries, related entities, and agents being collectively referred to herein as the "Releasees"), or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, demands, costs, losses, debts, and expenses (including attorney fees and costs actually incurred), of any nature whatsoever, in law or equity, arising out of Employee's employment with Lowe's or the termination of Employee's employment with Lowe's (other than any claim arising out of the breach by Lowe's of the terms of this Agreement), including, without limitation, all claims asserted or that could be asserted by Employee against Lowe's in any litigation arising in federal, state, or municipal court asserting any claim arising from any alleged violation by the Releasees of any federal, state, or local statutes, ordinances, or common law, including, but not limited to, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Americans with Disabilities Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act of 1974, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Family and Medical Leave Act, the Civil Rights Act of 1866, and any other employment discrimination laws, as well as any other claims based on constitutional, statutory, common law, or regulatory grounds, as well as any claims based on theories of retaliation, wrongful or constructive discharge, breach of contract or implied covenant, fraud, misrepresentation, intentional and/or negligent infliction of emotional distress, or defamation ("Claim" or "Claims"), which Employee now has, owns, or holds, or claims to have, own, or hold, or which Employee had, owned, or held, or claimed to have, own or hold at any time before execution of this Agreement, against any or all of the Releasees. Notwithstanding the foregoing, however, Employee specifically does not release any right to or claim for payment of any and all vested and nonforfeitable benefits, payments, or stock rights, including all rights, if any, under the Lowe's 401(k) Plan, Lowe's Companies Benefit Restoration Plan, Lowe's Companies Cash Deferral Plan, Lowe's Companies Employee Stock Ownership Plan or Lowe's Companies Employee Stock Purchase Plan – Stock Options for Everyone.

6.      **Covenant Not to Sue.**

(a)     **Employee must not file or be a class representative in any claim, lawsuit or complaint against any Releasee based on the claims released in this agreement. Further, Employee must not authorize or assist any other party to institute a claim, lawsuit, or complaint against any Releasee.**

(b)     **This Agreement does not interfere with Employee's right to file a charge with or participate in an investigation or proceeding conducted by, or provide information to the Equal Employment Opportunity Commission ("EEOC") or the Securities**

2

Region: 27 Market:

1226

and Exchange Commission ("SEC") or to file a complaint under the Older Workers' Benefit Protection Act, 29 U.S.C. § 626(f), challenging the validity of this agreement.

(c) Employee represents and warrants that Employee has not initiated or filed any action, complaint, or claim against the Releasees with any federal, state or local court.

(d) The consideration provided to Employee under this agreement is the sole relief Employee is entitled to for the claims released and waived in this agreement. Thus, Employee will not be entitled to recover, and must waive all monetary benefits or recovery, against the Releasees in connection with any EEOC, state, or local agency charge or a representative or class action lawsuit regardless of who brings the charge or lawsuit, except that Employee does not waive any right Employee may have to an award paid by the SEC.

(e) Employee further agrees that if at any time hereafter Employee shall file or join in any suit or assert any claim against the Releasees relating to any matter released—for any purpose other than those listed in 7(b) above—then a) Employee agrees that Employee will not attack and shall be estopped from attacking the legal validity or sufficiency of this agreement; and b) Employee shall reimburse Lowe's for its reasonable attorneys' fees and costs incurred in connection with the defense of such suit or claim. If such an action, complaint, claim, or charge has been initiated or filed by Employee or on Employee's behalf, Employee will use Employee's best efforts to cause it immediately to be withdrawn and dismissed with prejudice.

7. No Assignment Of Rights Under Agreement; Indemnification. If any claim, action, demand, or suit should be made or instituted against the Releasees, or any of them, because of any such purported assignment, subrogation, or transfer, Employee agrees to indemnify and hold harmless the Releasees, and each of them, against such claim, action, demand, or suit, including damages, expenses of investigation, attorney fees, and costs.

8. No Improper Actions or Omissions. Employee represents and warrants that Employee has no knowledge of any improper or illegal actions, misstatements or omissions by the Company, is not aware of any facts or evidence that could give rise to such a claim, nor does Employee know of any basis on which any third party or governmental entity could assert such a claim. The previous sentence expressly includes, but is not limited to, any and all conduct that potentially could give rise to claims or liability under the Securities Exchange Act of 1934 ("Exchange Act"), Sarbanes-Oxley Act of 2002 or the Dodd-Frank Wall Street Reform and Consumer Protection Act. Employee further represents and warrants that Employee has fulfilled Employee's duties to the Company to the best of Employee's abilities and in a reasonable and prudent manner, and that Employee has not knowingly engaged, directly or indirectly, in any actions or omissions that could be perceived as improper or unlawful, nor has Employee failed to report any such actions or omissions to the Company.

Employee affirms that Employee has no information concerning any conduct involving the Company that Employee has any reason to believe may be unlawful or that involves any false claims to the United States. Employee promises to cooperate fully in any investigation

3

the Company undertakes into matters that occurred during Employee's employment with the Company. Employee understands that nothing in this Agreement prevents Employee from cooperating with any government investigation, making a truthful statement or complaint to law enforcement or a government agency, testifying under oath to law enforcement or a government agency, or from complying with a properly-served and lawfully issued subpoena or similar order issued by a government agency or court of competent jurisdiction. In addition, to the fullest extent permitted by law, Employee hereby irrevocably assigns to the U.S. government any right Employee might have to any proceeds or awards in connection with any false claims proceedings against the Company or any affiliated entity arising under the False Claims Act, any state false claims statute, or any other federal, state or municipal law, statute or regulation providing for recovery to whistleblowers, except that Employee does not assign any award paid by the SEC to which Employee may be entitled.

9. <u>Payment by Lowe's</u>. Employee acknowledges that, from the gross amount of the Consideration, Lowe's shall withhold all amounts required by appropriate taxing authorities, and that Lowe's shall issue the appropriate W-2 form or other appropriate tax forms to Employee. The Company will make payment of the Consideration via Direct Deposit to the Employee's account as previously designated by Employee.

Employee expressly acknowledges that the Company has made no representations to Employee regarding the tax consequences of the Consideration received pursuant to this Agreement, and that the amount likely will be considered to be taxable income and subject to disclosure to the appropriate taxing authorities. Employee agrees that Employee is solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, that are required by law to be paid with respect to the Consideration. Employee agrees that in the event it should be subsequently determined that withholding or payment of taxes on any amounts received by Employee under this Agreement, or any part thereof, should have been made, Employee personally shall be solely responsible for all such taxes, as well as for any related penalties or interest that may be due and, in addition, does hereby agree to indemnify, defend, and hold harmless the Company from or against any payment, interest, or penalty incurred by the Company in connection with any claim, including any claim made under the federal or state tax laws, concerning the Consideration.

10. <u>Consultation with Attorney</u>. Employee acknowledges and agrees that Employee has been afforded sufficient time to carefully consider the terms of this Agreement and to undertake consultation with an attorney prior to entering into this Agreement.

11. <u>Injunctive Relief</u>. Lowe's and Employee agree that the provisions herein are important to and of material consideration to Lowe's and that Lowe's considers that monetary damages alone are an inadequate remedy to Lowe's for any breach of the provisions hereof. Employee further stipulates that, upon any material breach by Employee of the provisions herein Lowe's shall be entitled to injunctive relief against Employee from a court having personal jurisdiction of Employee. This section shall not be deemed to limit the legal and equitable remedies available to Lowe's or to limit the nature and extent of any claim by Lowe's for damages caused by Employee for breach of this Agreement.

4

Region: 27 Market:

1226

12. **Repayment of Severance Upon Reemployment.** Employee agrees that if Employee is subsequently reemployed by the Company or another affiliated Company, and at the time of such reemployment the number of weeks that have elapsed between Employee's Termination Date and reemployment date is less than the number of weeks of Severance Pay which Employee received or was entitled to receive under the terms herein, then the following will occur:

(a) If Employee has not yet received the Severance Pay, the Severance Pay will not be paid; or

(b) If Employee has already received the Severance Pay, the Employee will be required to repay the portion of the Severance Pay in excess of the number of weeks that have elapsed between the Termination Date and the reemployment date.

Employee acknowledges that any subsequent employment with the Company or its affiliates is contingent upon Employee's satisfaction of this provision.

13. **No Encouragement of Claims Against The Company.** Except as may be required by court order or subpoena, Employee represents and warrants that Employee will not volunteer testimony or cooperation to any other individual or entity with respect to actual or potential claims against the Releasees, and Employee will not, directly or indirectly, encourage any individual or entity to assert any claim against the Releasees. This provision shall not preclude Employee from testifying truthfully pursuant to a proper subpoena issued by a court of competent jurisdiction, nor will Employee be precluded from cooperating with federal, state, or local agencies that are investigating any claims of discrimination, harassment, or other unlawful conduct. Furthermore, this provision does not restrict or qualify the Employee's ability to provide information to or cooperate with the SEC regarding actual or potential claims against Releasees, nor does this provision obligate Employee to notify Lowe's in the event the SEC contacts Employee seeking Employee's cooperation.

14. **Return of Company Property.** Employee represents and warrants that Employee has returned or will return within 7 days of Employee's execution of this Agreement, any and all property, information, data or documents belonging to the Company, including any copies or summaries currently in Employee's possession, custody, or control, regardless of location. Employee acknowledges that Employee has not transferred or otherwise released custody or control of any property, data or documents belonging to the Company except as expressly authorized. Property shall also include, but not be limited to, cell phones, iPods, laptop computers, credit cards, passcards, keys, and any other items that belong to the Company.

15. **Default and Notice.** In the event Lowe's fails to make any payment due under the provisions of this Agreement, Employee shall give written notice of such failure to Lowe's, and Lowe's shall have a period of 20 business days from receipt of such notice in which to cure such failure. For purposes of this Agreement, unless otherwise specified in this Agreement, all notices to Lowe's shall be in writing and either hand delivered or sent by Certified Mail, Return Receipt Requested to Lowe's General Counsel at the following address:

5

Region: 27 Market:

1226

General Counsel
Lowe's Companies, Inc.
1000 Lowes Boulevard
Mooresville, NC 28117

16. <u>Waiver of Breach</u>. Any waiver by either party of a breach of this Agreement will not constitute a waiver of any further breach, whether of a similar or dissimilar nature.

17. <u>Severance Plan</u>. Employee further acknowledges the following with respect to the Lowe's Companies Severance Pay Play (the "Severance Plan"): the Consideration described herein represents the full payment to which Employee is entitled under the Severance Plan; execution of this Agreement is a condition of receiving this Consideration under the Severance Plan; and, Employee remains bound by all provisions of the Severance Plan that survive employment termination.

18. <u>Whole Agreement, Amendment and Severability</u>. This Agreement, Employee's individualized statement of the Consideration and any Addendum referenced herein, contain the whole and entire understanding and agreement between the parties hereto. There are no other understandings, promises, covenants, or agreements between the parties regarding the subject matter of this Agreement, except as specifically set forth herein. This Agreement may not be amended, modified, or altered in any fashion except in writing executed by the parties hereto with the same formality as with which this Agreement is executed. Employee understands and agrees that each clause of this Agreement is a separate and independent clause, and that, if any clause should be found unenforceable, such clause should be and is hereby severed from this Agreement and will not affect the enforceability of any of the other clauses herein.

**Signature Page Follows**

Region: 27 Market:

1226

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals the day and year first above written.

LOWE'S HOME CENTERS, LLC.      Lisa Nichol Branch    001177378

By: _____     By: *Lisa Branch*

Name: _____

Title: _____

Date: _____     Date: 2/13/2019

7

1226

Region: 27 Market:

## Individual Consideration Calculation

**Employee Name:** Lisa Nichol Branch
**Employee ID:** 001177378
**Date of Hire:** 5/19/2007
**Location:** 0582
**Individual Severance Amount:** $14,104.80

8