## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03209

CODY BLAIR and LISA BRANCH,
Individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

LOWE'S HOME CENTERS, LLC, a North Carolina
limited liability company,

      Defendants.

---

## SECOND AMENDED ANSWER

---

Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant"), by its attorneys HOLLAND & HART LLP, respectfully submits its Second Amended Answer and Affirmative Defenses to Plaintiffs Cody Blair and Lisa Branch's November 12, 2019 Class Action Complaint and Jury Demand (Dkt. 1, the "Complaint"):

## ANSWER

### I.      INTRODUCTION

Defendant denies the factual allegations set forth in Plaintiffs' purported "Introduction" to the Complaint.

### II.      PARTIES

1.      Plaintiff Cody Blair is an individual and citizen of the State of Colorado.  Blair was hired to work at a Lowe's location in Littleton, Colorado. Thereafter, she transferred to Lowe's store 2274 in Castle Rock, Colorado.

RESPONSE:  Defendant admits that Plaintiff Blair was employed by Defendant from April 9, 2011 to February 2, 2019.  Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 1 of the Complaint and therefore denies the same.

2.      Plaintiff Lisa Branch is an individual and citizen of the State of Florida. Ms. Branch worked at Lowe's May 19th, 2007 until February 1, 2019. Her positions included Cashier, Installed Sales Coordinator, Department Manager, Loss Prevention Manager, and Assistant Store Manager & Loss Prevention Manager.

RESPONSE:  Defendant admits that Plaintiff Branch was employed by Defendant from May 19, 2007 to February 2, 2019.  Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 2 of the Complaint and therefore denies the same.

3.      Defendant Lowe's is a limited liability company existing under the laws of the State of North Carolina. Its principal office address is 1605 Curtis Bridge Rd., Wilkesboro, North Carolina 28697.

RESPONSE:    Admitted.

4.      Lowe's has locations in all 50 States and does business throughout the United States, including in the State of Colorado and in this District.

RESPONSE:    Admitted.

### III.      JURISDICTION & VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d) *et seq.*, as the action is a class action consisting of at least 100 persons where the amount in controversy of their common claims, when aggregated, exceeds $5 million, and there is minimal diversity.  Furthermore, none of the exceptions to CAFA applies here.

RESPONSE:  Paragraph 5 contains a legal conclusion to which no responsive pleading is required.  To the extent facts are alleged in this Paragraph, Defendant is without sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies the same.

6.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conducts business in this District, and a substantial part of the events giving rise to the claims asserted here occurred in and were directed to this District

RESPONSE:  Paragraph 6 contains a legal conclusion to which no responsive pleading is required.  To the extent facts are alleged in this Paragraph, Defendant is without sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies the same.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in and was directed to this District. Venue is additionally proper because Plaintiff Blair resides in this District and worked at, and was terminated from, a Lowe's location located within this District

RESPONSE:  Paragraph 7 contains a legal conclusion to which no responsive pleading is required.  To the extent facts are alleged in this Paragraph, Defendant is without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies the same.

### IV.      COMMON ALLEGATIONS OF FACT

8.      This case challenges Defendant's systemic breaches of its Release and Separation Agreement with Plaintiffs and the other Class Members.

RESPONSE:  Denied.

9.      In early January 2019, Lowe's informed its Loss Prevention Managers of what Lowe's termed an "Organizational Change."

RESPONSE:  Defendant admits that it communicated with certain loss prevention employees in early January 2019 regarding termination of employment.  Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10.     This was a euphemism for mass layoffs.  The Organizational Change meant the elimination of thousands of employees who had served as managers in the Loss Prevention Department.

RESPONSE:  Defendant admits that it terminated approximately 400 loss prevention employees.  Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11.     Terminated employees were offered "Release and Separation Agreement[s]" which expressly incorporated a specified sum of money that would be paid as severance.  *See* "Blair and Branch Release and Separation Agreements," true and accurate copies of which are hereto as Group Ex. A.

RESPONSE:  Defendant admits that it offered Release and Separation Agreements to certain employees, including the named Plaintiffs, the terms and conditions of which speak for themselves.  To the extent Plaintiffs misstate or misrepresent the language set forth in the Release and Separation Agreements, Defendant denies the same.

12.     Despite the fact that employees accepted the Release and Separation Agreements by signing and returning the agreements and otherwise performing as required, Lowe's decided to breach the contracts by refusing to pay the amounts specified in the signed contracts.

RESPONSE:  Denied.

13.     That is, Lowe's refused to pay the agreed-upon sums and instead indicated, via backdated letters to the Class Members, that "the severance calculation in your Release and Separation Agreement may be incorrect. Enclosed in a correct severance calculation in accordance with Lowe's Severance Pay Plan." *See* "Backdated Letter to Blair," a true and accurate copy of which is attached as Ex. B.

RESPONSE:  Defendant admits that it submitted the letter attached as Exhibit B to Plaintiff Blair, the language of which speaks for itself.  Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14.     These back-dated letters did not rescind or revoke the prior offers.

RESPONSE:  Paragraph 14 contains a legal conclusion to which no responsive pleading is required.  To the extent facts are alleged in this Paragraph, Defendant denies the same.

15.     Lowe's Severance Pay Plan was not incorporated into any contract documents. Rather, the agreed-upon sum was expressly incorporated into the contract documents.

RESPONSE:  Paragraph 15 contains a legal conclusion to which no responsive pleading is required.  To the extent facts are alleged in this Paragraph, Defendant denies the same.

16.     By refusing to pay the agreed-to amounts and instead attempting to pay lower sums by claiming its calculations "may be incorrect," Lowe's has breached the Release and Separation Agreements and has caused damages to the Plaintiffs and the Class.

RESPONSE:  Denied.

## V.     FACTS SPECIFIC TO PLAINTIFFS BLAIR & BRANCH

17.     Plaintiff Blair was hired by Lowe's on April 9, 2011.

RESPONSE:  Admitted.

18.     Plaintiff Blair worked as a Loss Prevention Manager.

RESPONSE:  Admitted.

19.     Plaintiff Blair was notified on or about February 1, 2019 that her position was being eliminated and that her employment with Lowe's would be terminated effective February 16, 2019.

RESPONSE:  Denied.

20.     On or about February 16, 2019 Plaintiff Blair received a Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowe's." (Ex. A.)

RESPONSE:  The documents attached as Exhibit A to the Complaint speak for themselves.  Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 20 of the Complaint, and therefore denies the same.

21.     The offer conferred a power of acceptance on Plaintiff Blair of the attached terms. To accept, Plaintiff Blair was required to "sign the "Release and Separation Agreement" and comply with its terms." (Ex. A.)

RESPONSE:  Paragraph 21 contains a legal conclusion to which no responsive pleading is required.  The documents attached as Exhibit A to the Complaint speak for themselves. To the extent Plaintiffs misstate or misrepresent the language set forth in the documents attached as Exhibit A to the Complaint, Defendant denies the same

22.     Plaintiff Blair signed the Release and Separation Agreement and complied with its terms.

RESPONSE:  Defendant is without sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23.     Lowe's also sent Plaintiff Blair a letter, back dated to February 15, 2019, that stated, "It has come to our attention that the severance calculation in your Release and Separation

Agreement may be incorrect. Enclosed is a correct severance calculation in accordance with Lowe's Severance Pay Plan. We apologize for the inconvenience.

RESPONSE:  Defendant admits that it submitted a letter, dated February 15, 2019, to Plaintiff Blair, the language of which speaks for itself.  Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24.    Plaintiff Blair demanded to be paid the agreed to amount, but Lowe's refused.

RESPONSE:  Defendant is without sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint, and therefore denies the same.

25.    Plaintiff Branch Worked at Lowe's May 19th, 2007 until February 1, 2019. Her positions included Cashier, Installed Sales Coordinator, Department Manager, Loss Prevention Manager, and Assistant Store Manager & Loss Prevention Manager.

RESPONSE:  Admitted.

26.    Plaintiff Branch worked for Lowe's in Florida.

RESPONSE:  Admitted.

27.    On or about February 1, 2019, Plaintiff Branch was informed that her position was being eliminated and that she was being terminated.

RESPONSE:  Denied.

28.    On or about February 16, 2019, Lowe's sent Branch a "Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowe's."

RESPONSE: The documents referenced in Paragraph 28 of the Complaint and attached as Exhibit A to the Complaint speaks for themselves.  Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 28 of the Complaint, and therefore denies the same.

29.     The Notice included a severance amount of $14,104.80.

RESPONSE:  The documents referenced in Paragraph 29 of the Complaint and attached as Exhibit A to the Complaint speak for themselves.  Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30.     Branch accepted the Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowe's by signing it and returning it to Lowe's.

RESPONSE:  Defendant admits that Plaintiff Branch signed a Release and Separation Agreement on February 19, 2019, which was countersigned by Defendant on February 28, 2019.  Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.     Despite her acceptance, Lowe's sent a letter, falsely dated February 15, 2019, stating that the prior Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowe's had contained an error and that Branch needed to execute a new agreement that only called for a payment of $9,403.20.

RESPONSE:  Defendant admits that it submitted a letter, dated February 15, 2019, to Plaintiff Branch, the language of which speaks for itself.  Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Branch complained in writing to Lowe's, but Lowe's refused to honor its original Notice of Separation and Offer of Special Separation Benefit for Certain Employees of Lowe's, claiming that it had never countersigned the offer as supposedly required to make it effective.

RESPONSE:  Defendant is without sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint, and therefore denies the same.

## VI.    CLASS ACTION ALLEGATIONS

33.    In accordance with Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiffs bring this

class action on behalf of the following class of persons:

> All persons in the United States who: (1) were employed by Lowe's as Loss
> Prevention Managers, (2) were terminated from their positions in 2019, (3) were
> sent "Release and Separation Agreements" which specified sums of money that
> would be paid as severance, and (4) who signed the Release and Separation
> Agreements and returned them to Lowe's but who (5) did not receive the specified
> sums set forth in the Agreements due to what Lowe's has claimed was an "error."

RESPONSE:   Defendant admits that Plaintiffs purport to state a claim on behalf of the

proposed class of individuals set forth in Paragraph 33 of the Complaint.  Defendant denies the

remaining allegations in Paragraph 33 of the Complaint, or that Plaintiffs are entitled to bring a

class action on behalf of other similarly situated persons under the Federal Rules of Civil

Procedure.

34.    The following individuals are excluded from the Class: (1) any Judge or

Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's

subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their

parents have a controlling interest and their current or former officers and directors; (3) Plaintiff's

attorneys; (4) persons who properly execute and file a timely request for exclusion from the

Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6)

persons whose claims against Defendant have been fully and finally adjudicated and/or released.

Plaintiffs anticipates the need to amend the class definition following appropriate class

discovery.

RESPONSE:   Defendant admits that Plaintiffs purport to further define the proposed

class of individuals set forth in Paragraphs 33 and 34 of the Complaint.  Defendant denies the

remaining allegations in Paragraph 34 of the Complaint, or that Plaintiffs are entitled to bring a

class action on behalf of other similarly situated persons under the Federal Rules of Civil

Procedure.

35.     Numerosity (Fed. R. Civ. P. 23(a)(1)): Plaintiffs are informed and believe, and

upon such information and belief aver, that the number of persons who fall within the definition

of the Class set forth above is so numerous that joinder of all members would be impracticable.

Plaintiffs are informed and believe, and upon such information and belief aver, that the number

of class members is over two hundred persons.

RESPONSE:  Denied.

36.     Commonality (Fed. R. Civ. P. 23(a)(2)): Common questions of law and fact apply

to the claims of all class members. Common material questions of fact and law include, but are

not limited to, the following:

a.     Whether the Defendant made offers to the Class Members that included

specific sums of money;

b.     Whether the offers were accepted and, if so, whether a contract was

formed;

c.     Whether Lowe's breached the Release and Separation Agreements by

failing to pay the specified sums;

d.     Whether the Plaintiffs and the other members of the Class are entitled to

damages.

RESPONSE:  Denied.

37.     Typicality (Fed. R. Civ. P. 23(a)(3)): The Plaintiffs' claims are typical of the claims of all class members. The Plaintiffs signed and returned the Release and Separation Agreements that Lowe's sent to them yet they weren't paid the sums specified in those contracts.

RESPONSE:  Denied.

38.     Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)): The Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are interested in this matter, have no actual conflicts, and have retained experienced class counsel to represent the Class.

RESPONSE:  Denied.

39.     Common Conduct (Fed. R. Civ. P. 23(b)(2)): Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate.

RESPONSE:  Denied.

40.     Predominance, Superiority, and Manageability (Fed. R. Civ. P. 23(b)(3)): Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.     Proof of the claims of the Plaintiffs will also prove the claims of the Class without the need for separate or individualized proceedings;

b.     Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c.      The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d.      The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

e.      This case is manageable as a class action in that Defendant identified persons or entities to receive the Release and Separation Agreements and it is believed that the Defendant's computer and business records will enable the Plaintiffs to readily identify class members and establish liability and damages; Liability and damages can be established for the Plaintiffs and the Class with the same common proofs; A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense; A class action will contribute to uniformity of decisions concerning the Defendant's practices; and as a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

RESPONSE:  Denied.

## VII.    CAUSE OF ACTION
## Claim for Relief for Breach of Contract
## (On Behalf of Plaintiffs and the Class)

41.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

RESPONSE:  Defendant incorporates its preceding responses to Plaintiffs' allegations as if fully set forth herein.

42.     Plaintiffs were provided offers for severance payments as set forth in the Release and Separation Agreements sent to them by Lowe's.

RESPONSE:  The Release and Separation Agreements referenced in Paragraph 42 of the Complaint speak for themselves.  To the extent Plaintiffs misstate or misrepresent the language set forth in the Release and Separation Agreements, Defendant denies the same.

43.     Plaintiffs accepted the terms by signing and returning the Release and Separation Agreements to Lowe's.

RESPONSE:  Defendant admits that Plaintiff Branch signed and returned a Release and Separation Agreement to Defendant on or about February 19, 2019, which was countersigned by Defendant on February 28, 2019.  Defendant denies the remaining allegations set forth in Paragraph 43 of the Complaint.

44.     Lowe's breached the Release and Separation Agreements by failing to pay the amounts specified in the Release and Separation Agreements, instead claiming that it had made a mistake in the calculation and would only pay new, reduced amounts.

RESPONSE:  Denied.

45.     Lowe's payments of any reduced amounts do not satisfy the remaining sums due from/owed by Lowe's to Plaintiffs and the other class members.

RESPONSE:  Denied.

46.      Prior to filing this suit, Plaintiffs each provided Lowe's with at least 20-days notice to cure, but Lowe's refused to correct its breaches.

RESPONSE:  Denied.

47.     As an actual and proximate result of Lowe's breaches of the Release and Separation Agreements, the Plaintiffs and the other class members have suffered damages in being denied the sums that were promised to them.

RESPONSE:  Denied.

48.     Plaintiffs seek a judgment awarding damages in amounts to be proven at trial as well as a declaration that Lowe's breached the Release and Separation Agreements.

RESPONSE:  Defendant denies that Plaintiffs have suffered or are otherwise entitled to damages.  Defendant denies that Plaintiffs are entitled to a declaration that Defendant breached the Release and Separation Agreements.

## ANSWER TO ALL CLAIMS AND ALLEGATIONS

Lowe's denies each and every allegation not expressly admitted herein, including without limitation all factual allegations in Plaintiffs' Introduction and Prayer for Relief set forth in the Complaint, and reserves the right to amend this Answer based on further investigation and discovery.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for lack of subject-matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the doctrines of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of mistake.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of release.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because at all relevant times Defendant fully performed any and all contractual obligations to Plaintiffs, and did so in good faith.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff Blair lacks standing to assert her breach of contract claim on behalf of herself or others.

### TENTH AFFIRMATIVE DEFENSE

Defendant has not breached any duty or agreement, if any, owed to Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they have failed to mitigate damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, because those claims relate to the Lowe's Companies Severance Pay Plan, as Amended and Restated Effective as of January 16, 2017, submitted as **Exhibit A**.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to exhaust the administrative remedies under the governing employee benefit plan document(s).  *See* **Exhibit A**.

### FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to ERISA, Plaintiffs' claims, if any are validly asserted, are subject only to abuse of discretion review.  *See* **Exhibit A**.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Administrator of the governing employee benefit plan acted reasonably, and did not abuse its discretion, with respect to the actions of which Plaintiffs complain.  *See* **Exhibit A**.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the claims do not satisfy the prerequisites required for the Court's original jurisdiction over the claims under the Class Action Fairness Act of 2005, 42 U.S.C. §§ 1332(d) *et seq.*

### SEVENTEENTH AFFIRMATIVE DEFENSE

The action is not properly maintainable as a class action because Plaintiffs cannot establish all of the elements necessary for class certification under FED. R. CIV. P. 23.  The proposed class is too indefinite to permit certification, the putative class is not so numerous that joinder is impracticable, and Plaintiff has not shown that class treatment is superior to other methods of adjudication.  Individual questions predominate and are not appropriate for class treatment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the claims are not typical of those of the class members whom they seek to represent, they are not similarly situated, the claims are not

common to all class members, and the interests of certain class members conflict with the interest of other putative class members.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because, to the extent that Plaintiffs cannot establish all of the elements necessary for class certification under FED. R. CIV. P. 23, they lack standing with respect to the claims and are not competent to represent the interests of others.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant conferred a benefit on Plaintiffs, Plaintiffs voluntarily accepted and retained the benefit conferred, and the circumstances are such that it would be inequitable for Plaintiffs to retain the benefit without paying the value thereof to Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent the Release and Separation Agreements based upon erroneous benefit calculations are otherwise enforceable, the Release and Separation Agreements should be equitably reformed by the Court.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses as its investigation and discovery in this case proceeds.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant Lowe's Home Centers, LLC, prays for the following relief:

a) For judgment in its favor on each and every claim asserted against it in the Complaint, and that it be awarded its costs, reasonable attorneys' fees, and such other and further relief that the court deems just and proper under the circumstances.

Dated January 22, 2020

Respectfully Submitted,

*s/Robert M. Thomas*
Michael S. Beaver
Steven Gutierrez
Robert M. Thomas
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO  80202
303-295-8000
mbeaver@hollandhart.com
sgutierrez@hollandhart.com
rmthomas@hollandhart.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Steven L. Woodrow
Patrick H. Peluso
Taylor T. Smith
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
(720) 213-0675
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com
tsmith@woodrowpeluso.com

Laura S. Tuel
The Advocate Edge, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO  80210
(720) 588-9827
laura@theadvocateedge.com

*s/ Brenda Proskey*

14084335_v3