IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03209-CMA-NYW

CODY BLAIR and LISA BRANCH,
Individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

LOWE'S HOME CENTERS, LLC, a North Carolina
limited liability company,

    Defendants.

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Lowe's Home Centers, LLC ("Lowe's"), through its attorneys, Holland & Hart LLP, hereby moves this court to enter judgment on the pleadings against Plaintiffs and for Lowe's, pursuant to Fed. R. Civ. P. 12(c).

## COMPLIANCE WITH CMA Civil Practice Standard 7.1D(a)

Before filing this Motion counsel for Lowe's conferred with Plaintiff's counsel to discuss whether any of the relief sought could be addressed by amendment of the pleadings or other means. After discussion, no alternatives were agreed upon, and Plaintiff's counsel has authorized Lowe's counsel to indicate that Plaintiff opposes this Motion.

### I.     INTRODUCTION

Plaintiffs were formerly employed by Lowe's. When their positions were eliminated in early 2019, they were offered benefits under a severance pay plan sponsored by Lowe's and governed by the Employee Retirement Income Security Act

1

("ERISA"), 29 U.S.C. §§ 1001, *et seq*. As a condition of payment of severance benefits, and consistent with the terms of the severance pay Plan, Plaintiffs each were required to sign and return a waiver and release of all claims.

Plaintiffs were initially provided with an erroneous calculation of severance plan benefits. Plaintiffs assert that they are now entitled to recover the mistakenly-calculated benefit amount under the waiver and release agreements, without reference to the terms of the Plan. Plaintiffs assert a sole claim for common law breach of contract.

Plaintiffs' claim relates to an ERISA-regulated employee benefit plan and is therefore preempted by ERISA. Further, Plaintiffs do not, and cannot, assert that they exhausted the claim and appeal remedies provided to them under the severance pay plan. For both of these reasons, Plaintiffs fail to state a claim upon which relief may be granted, and judgment on the pleadings against Plaintiffs should be entered pursuant to Fed. R. Civ. P. 12(c).

## II.   STATEMENT OF FACTS[1]

Plaintiffs were formerly employed by Lowe's. Complaint, Doc. No. 1, at ¶¶ 17, 18, 25, 26. In early 2019, Plaintiffs were informed that their positions had been eliminated. *Id*. at ¶ 19, 27. Each of them received notice of eligibility for severance benefits. *Id*. at ¶¶ 20, 28.

---

[1] This Statement of Facts is drawn from the allegations contained in Plaintiffs' Complaint, as well as a document referred to by Plaintiffs and attached by Lowe's to its Second Amended Answer. By referencing the allegations of the Complaint, Lowe's does not make any factual admissions beyond those contained in its Second Amended Answer.

Lowe's sponsors the Lowe's Companies Severance Pay Plan (the "Plan"). Exhibit A to Lowe's Second Amended Complaint (Doc. No. 20-1).[2] The purpose of the Plan is to provide "transitional income for eligible employees" upon involuntary separation "due to a position elimination . . .." *Id*. at ECF pp. 4, 7-8. The Plan was created under, and is governed by, ERISA. *Id*. at ECF p. 4; *see also* ECF p. 11, § 16.[3]

The Plan provides a detailed basis for calculating the amount of severance pay due. Doc. No. 20-1 at ECF p. 8, § 5; *see also* Appendix A to Plan document, *id*. at ECF p. 17; Amendment Number One to Plan, *id*. at ECF pp. 18-19. As a condition to receiving severance pay under the Plan, a participant must sign and return a "full general release of all claims." *Id*. at pp. 9-10, § 10.[4]

Consistent with the requirements of ERISA, the Plan contains a detailed procedure for making claims for severance benefits. Doc. No. 20-1 at ECF p. 11, § 14(a). A participant is instructed to utilize this procedure in the event of "any complaint or claim concerning any aspect of the operation or administration of the Plan," in which

---

[2] The Plan is referenced by Plaintiffs in their Complaint (at ¶ 15), and is referred to in documents submitted by and relied upon by Plaintiffs. *See* Plaintiffs' Exhibit A ("Release and Separation Agreement"), Doc. No. 1-1, at p. 8, ¶ 17. The Plan has also been attached by Lowe's to its Second Amended Answer (*see* Doc. No. 20-1). Therefore, as discussed at pp. 5-6 below, the Plan may be considered by the Court without converting the present Motion into one for summary judgment.

[3] A severance pay plan involving ongoing administrative activity, such as the Plan, is an employee welfare benefit plan under ERISA. *See* 29 U.S.C. § 1002(1) ("employee welfare benefit plan" includes plan, fund or program which provides benefits in the event of unemployment).

[4] Conditioning receipt of severance benefits upon the signing of a waiver and release agreement is a common feature of severance pay plans, and is permitted under ERISA. *E.g., Lockheed Corp. v. Spink,* 517 U.S. 882 (1996).

case a claim is to be made in writing. *Id*. The Plan further contains a procedure for the appeal of any claim "denied in whole or in part." *Id*., ECF p. 12, § 14(c). The Plan provides that "[n]o legal action to recover benefits under this Plan may be commenced without prior exhaustion of this administrative claim and review procedure." *Id*., ECF pp. 12-13, § 14(e).

At the time they were notified of their eligibility for severance benefits, both Plaintiffs were provided with a benefit calculation, along with a "Release and Separation Agreement" ("Release"). Complaint at ¶¶ 20, 28; *see also id*. at Exhibit A, Doc. No. 1-1. The consideration for the Release was to be "full payment to which Employee is entitled under the Severance Plan." Doc. No. 1-1, at ECF p. 8, ¶ 17. Consistent with the terms of the Plan, execution of the Release was an express condition to the receipt of Plan benefits. *Id*. The Release also provided that "Employee remains bound by all provision of the Severance Plan that survive employment termination." *Id*.

Subsequently Lowe's discovered that severance benefits for each of the Plaintiffs had been calculated incorrectly. Complaint, ¶¶ 23, 31; *see also id*. at Exhibit B, Doc. No. 1-2. Lowe's provided each of the Plaintiffs with a new calculation of Plan benefits. Complaint at ¶¶ 23, 31.

Each of the Plaintiffs claims to have signed and returned their respective Release before being notified of the calculational error. Complaint at ¶¶ 22, 30. Neither Plaintiff ever received the incorrectly-calculated benefit amount.[5] Neither Plaintiff alleges that

---

[5] Plaintiff Branch signed and returned a Release based upon the corrected severance amount, and received Plan benefits accordingly. Plaintiff Blair did not return a signed release based upon the corrected amount, and therefore received no Plan benefits.

4

she availed herself of the Plan's claim and appeal mechanisms in order to resolve concerns concerning the benefit amount payable.[6]

Plaintiffs now assert one claim for relief for alleged breach of contract. Complaint at ¶¶ 41-48. They also purport to assert their claims on behalf of persons similarly situated. *Id*. at ¶¶ 33-40.

### III.   ARGUMENT

### A.   Standards Applicable to Motion for Judgment on the Pleadings.

"A Rule 12(c) motion is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss." *Tuttle v. Nationwide Affinity Ins. Co. of Am.*, 2019 WL 2208513, *2 (D. Colo. May 22, 2019). A motion to dismiss tests "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In evaluating a Rule 12(c) motion, the court may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Tuttle*, 2019 WL 2208513 at *2, *citing L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2nd Cir. 2011); *see also Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (In deciding a motion to dismiss, the court may consider "documents referred to in the complaint if the

---

[6] Plaintiff Blair alleges that she "demanded to be paid the agreed to amount." Complaint at ¶ 24. Plaintiff Branch alleges that she "complained in writing to Lowe's." *Id*. at ¶ 32. However, neither alleges that they made a claim under the Plan's procedures, and neither asserts that they ever attempted to seek reconsideration of any claim denial.

documents are central to the plaintiff's claim and the parties do not dispute the document's authenticity."). Further, "where a complaint references extrinsic documents which contradict other general allegations in the complaint, a court is not obligated to accept the contradicted allegations as true." *Malone v. City of Wynnewood,* No. Civ.-17-0527-HE, 2017 WL 3671170, *2 (W.D. Okla. 2017) (*citing Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1238 (10th Cir. 2014)).

### B. Plaintiff's Claim for Relief Must be Dismissed Because it is Preempted by ERISA.

Plaintiff's Complaint asserts a single claim for relief for common law breach of contract. Because this claim relates to an employee benefit plan, it is wholly preempted by ERISA.

ERISA broadly regulates the field of employee benefits. ERISA's preemption provisions "are deliberately expansive, and designed to establish [employee benefit] plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987) (citations and quotation marks omitted). Congress has provided that the statutory scheme of ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). A state law relates to an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). ERISA's preemption provision *is not* limited to state laws specifically aimed at employee benefit plans, but encompasses common law causes of action based upon "alleged improper processing of a claim for benefits under an employee benefit plan." *See Pilot Life*, 481 U.S. at 48; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1985). "ERISA completely

preempts any state law claims that relate to plans governed by ERISA." *Bingham v. FIML Nat. Res., LLC*, 2013 WL 3093906, *2 (D. Colo. June 18, 2013).

It is well-settled that ERISA preempts state common law contract claims. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). In *Taylor*, where state law breach of contract and tort claims were brought, the Court held that:

> Taylor's common law contract and tort claims are pre-empted by ERISA. This lawsuit "relate[s] to [an] employee benefit plan." It is based upon common law of general application . . .. Accordingly, the suit is pre-empted.

481 U.S. at 62 (citations omitted). The Court concluded that not only are state law claims preempted by ERISA, but ERISA's civil enforcement provisions completely displace state law claims. *Id.* At 63-66. *See also Straub v. Western Union Co.*, 851 F.2d 1262, 1263-64 (10th Cir. 1988) (breach of contract claim preempted by ERISA in employee benefit dispute).

Plaintiffs' common law breach of contract claim is preempted because it necessarily relates to the Plan. It was the Plan itself which gave rise to any obligation to pay severance benefits to Plaintiffs, and the amount to be paid was determinable under the terms of the Plan. Plaintiffs' execution of the Release did not create new or separate obligation apart from the Plan—it was merely the mechanism by which a condition precedent for receipt of Plan benefits was satisfied. *See, e.g., Teal v. Newmont Int'l Serv. Ltd.*, 2016 WL 4091182 *3 (D. Colo. July 5, 2016). In *Teal*, Judge Jackson determined that ERISA preempted any state law claims based upon a waiver and release signed as a condition to receipt of severance benefits, noting that "the [release] was the very *trigger* for receipt of benefits under the ERISA plan. . . .. Because the

7

benefits provided by the [release] ***derive from the terms of the Plan***, I conclude that they 'relate to' the Plan such that ERISA's preemption provision applies." *Id*. (emphasis added). *See also Gomez v. Ericsson, Incorp.*, 828 F.3d 367, 374 (5th Cir. 2016) (ERISA governs a dispute concerning benefit payments relating to a waiver and release signed as a condition to receipt of severance pay under an ERISA plan); *Edwards v. Lockheed Martin Corp.*, 617 Fed. Appx. 648, (9th Cir. 2015) ("Without participation in the [severance pay plan], Edwards would have had no release to sign in the first place, and no contract claim to assert").

Plaintiffs' sole common law claim for breach of contract directly relates to the Plan and is preempted by ERISA. Judgment on the pleadings against Plaintiffs should therefore be entered.

### B. Plaintiff's Complaint Must be Dismissed for Failure to Exhaust Claim and Appeal Remedies Under the Plan.

As discussed above, the Plan contains a robust procedure for making a claim under the Plan, and for appealing the denial of a claim. Plaintiffs have not alleged that either of them exhausted these Plan remedies.

"[E]xhaustion of administrative (i.e., company- or plan-provided) remedies is an implicit ***prerequisite*** to seeking judicial relief." *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir. 1990) (emphasis added); *see also Holmes v. Colo. Coal. for the Homeless LTD Plan*, 762 F.3d 1195, 1204-05 (10th Cir. 2014). Failure to exhaust administrative remedies should therefore result in dismissal. *E.g., Hart v. Reliance Standard Life Ins. Co.*, 2013 WL 4781623, *4 (D. Colo. Sept. 6, 2013); *Cytrynbaum v. Empl. Ret. Plan of Amoco Corp.*, 338 F. Supp. 1187, 1193 (D. Colo. 2004). Dismissal is

appropriate even where Plaintiff asserts claims which relate to an ERISA Plan, but are not pleaded as ERISA claims. *Karls v. Texaco, Inc.*, 139 Fed. Appx. 29, 32 (10th Cir. 2005).

The requirement of exhaustion "aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees." *McGraw v. Prudential Ins. co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998). "Otherwise, premature judicial interference with the interpretation of a plan would impede those internal processes which result in a completed record of decision making for a court to review." *Id.*, 137 F.3d at 1263.

Because Plaintiffs have not submitted their claims to administrative review under the terms of the Plan, the Plan's administrator has not had the opportunity to consider Plaintiffs' arguments and evidence, and to exercise its discretion with respect to resolution of those claims.[7] The Court is left without a fully-developed evidentiary record. Therefore, judgment on the pleadings should be entered against Plaintiffs.

## IV.    CONCLUSION

For the foregoing reasons, this Court should enter judgment on the pleadings against Plaintiffs and in favor of Lowe's, pursuant to Fed. R. Civ. P. 12(c).

---

[7] The Plan contains a grant of discretionary authority to the Plan Administrator. Exhibit A at p. 8, § 13. Thus, the Plan Administrator's determinations under the Plan would be entitled to deferential judicial review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). Without exhaustion of Plan remedies, the Administrator is denied the opportunity to exercise its discretion, leaving the Court with no final decision to review. The Plan Administrator should not be denied the opportunity to exercise its discretion in the resolution of mistakes asserted by a plan participant. *Conkright v. Frommert*, 559 U.S. 506, 509 (2010).

Dated: February 3, 2020.

Respectfully submitted,

*s/ Michael S. Beaver*
Michael S. Beaver
Holland & Hart LLP
6380 S. Fiddler's Green Circle
Suite 500
Greenwood Village, CO 80111
(303) 290-1631
mbeaver@hollandhart.com

Robert M. Thomas
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO  80202
303-295-8000
rmthomas@hollandhart.com

**ATTORNEYS FOR DEFENDANT LOWE'S HOME CENTERS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2020, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Patrick H. Peluso
ppeluso@woodrowpeluso.com

Taylor True Smith
tsmith@woodrowpeluso.com

Laura Suzanne Tuel
laura@theadvocateedge.com

Steven Lezell Woodrow
swoodrow@woodrowpeluso.com

*Attorneys for Plaintiffs*

*s/ Michael S. Beaver*
Michael S. Beaver

14055679_v1