## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03209

CODY BLAIR and LISA BRANCH, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company,

        Defendant.

---

## SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Conference:  December 23, 2019; Appearances:  Patrick Peluso of Woodrow & Peluso, LLC, for Plaintiffs Cody Blair, Lisa Branch, and the alleged Class; Michael S. Beaver and Robert M. Thomas of Holland & Hart LLP, on behalf of Defendant Lowe's Home Centers, LLC.

## 2.  STATEMENT OF JURISDICTION

Plaintiffs, on behalf of themselves and the alleged Class, bring a straightforward Breach of Contract claim against Defendant. Plaintiffs allege that the Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), *et seq.*, as the action is a class action consisting of at least 100 persons, where the amount in controversy of their common claims, when aggregated, exceeds $5 million, and

there is minimal diversity.  Furthermore, none of the exceptions to CAFA applies here.

Additionally, the Court has personal jurisdiction over Defendant and venue is proper in this

District because Defendant regularly conducts business in this District, and a substantial part of

the events giving rise to the claims asserted here occurred in and were directed to this District.

### 3.   STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff(s):  This is straight forward breach of contract claim broad on a class

basis.  Plaintiffs claim Defendant breached its Release and Separation Agreement with Plaintiffs

and the other Class Members when Defendant refused to pay the agreed-upon sums and instead

indicated, via backdated letters to Class Members, that "the severance calculation in your

Release and Separation Agreement may be incorrect." By refusing to pay the agreed-to amounts

and instead attempting to pay lower sums, Defendant has breached the Release and Separation

Agreements and has caused damages to Plaintiffs and the Class.

Plaintiffs deny that defendant's affirmative defenses have merit and deny that the case is

improperly asserted as a breach of contract case. As willPlaintiffs oppose defendant's motion for

judgment on the pleadings. Additionally, Plaintiff Blair denies that she did anything to "deface"

the agreement.

b.      Defendant:  This is an action for allegedly owed severance benefits payable under

the terms of Lowe's Companies Severance Pay Plan, as Amended and Restated Effective as of

January 16, 2017 (the "Plan"), improperly asserted as a breach of contract class action and

properly governed and preempted by the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §§ 1001 *et seq.*  On or about January 4, 2019, Defendant informed

Plaintiffs that their positions were being eliminated and that they would be terminated effective

February 2, 2019.  Accordingly, Defendant informed Plaintiffs that they were eligible for severance benefits under the Plan, and provided each of them with a Release and Separation Agreement ("Agreement"), which was to be executed as a condition of receipt of Plan benefits. The Agreements expressly provided that payments thereunder represented Plan benefits, and that the Plaintiffs remained bound by the terms of the Plan.

After submitting the Agreements to Plaintiffs, Lowe's discovered that due to a clerical error, it had miscalculated the amounts to be offered to Plaintiffs under the terms of the Plan. Defendant therefore submitted a notice to Plaintiffs informing them of the change, provided them their amended/corrected severance amounts, and provided a new copy of the Release and Separation Agreement to sign.  Plaintiff Lisa Branch did, in fact, sign and return the new Release and Separation Agreement as of February 19, 2019, which was countersigned by Defendant, and Branch accepted Lowe's amended severance payment in full.  Plaintiff Cody Blair returned a signed copy of the Release and Separation Agreement dated March 11, 2019, and insisted that the original, incorrect severance pay calculation should apply to her.  The Agreement copy submitted by Plaintiff Blair was not countersigned by Defendant and, upon information and belief, was defaced by Plaintiff Blair before she returned it.

Defendant asserts the following affirmative defenses:

- Plaintiffs fail to state a claim upon which relief can be granted.

- Plaintiffs' claims are barred for lack of subject-matter jurisdiction.

- Plaintiffs' claims are barred in whole or in part under the doctrines of waiver and/or estoppel.

- Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

- Plaintiffs' claims are barred in whole or in part by the doctrine of mistake.

- Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

- Plaintiffs' claims are barred in whole or in part by the doctrine of release.

- Plaintiffs' claims are barred because at all relevant times Defendant fully performed any and all contractual obligations to Plaintiffs, and did so in good faith.

- Plaintiff Blair lacks standing to assert her breach of contract claim on behalf of herself or others.

- Defendant has not breached any duty or agreement, if any, owed to Plaintiffs.

- Plaintiffs' claims are barred to the extent they have failed to mitigate damages, if any.

- Plaintiffs' claims are barred as preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, because those claims relate to the Lowe's Companies Severance Pay Plan, as Amended and Restated Effective as of January 16, 2017.

- Plaintiffs' claims are barred by their failure to exhaust the administrative remedies under the governing employee benefit plan document(s).

- Pursuant to ERISA, Plaintiffs' claims, if any are validly asserted, are subject only to abuse of discretion review.

- The Administrator of the governing employee benefit plan acted reasonably, and did not abuse its discretion, with respect to the actions of which Plaintiffs complain.

- Plaintiffs' claims are barred because the claims do not satisfy the prerequisites required for the Court's original jurisdiction over the claims under the Class Action Fairness Act of 2005, 42 U.S.C. §§ 1332(d) *et seq.*

- The action is not properly maintainable as a class action because Plaintiffs cannot establish all of the elements necessary for class certification under Fed. R. Civ. P. 23. The proposed class is too indefinite to permit certification, the putative class is not so numerous that joinder is impracticable, and Plaintiff has not shown that class treatment is superior to other methods of adjudication.  Individual questions predominate and are not appropriate for class treatment.

- Plaintiffs' claims are barred because the claims are not typical of those of the class members whom they seek to represent, they are not similarly situated, the claims are not common to all class members, and the interests of certain class members conflict with the interest of other putative class members.

- Plaintiffs' claims are barred because, to the extent that Plaintiffs cannot establish all of

the elements necessary for class certification under Fed. R. Civ. P. 23, they lack standing with respect to the claims and are not competent to represent the interests of others.

• Plaintiffs' claims are barred because Defendant conferred a benefit on Plaintiffs, Plaintiffs voluntarily accepted and retained the benefit conferred, and the circumstances are such that it would be inequitable for Plaintiffs to retain the benefit without paying the value thereof to Defendant.

• To the extent the Release and Separation Agreements based upon erroneous benefit calculations are otherwise enforceable, the Release and Separation Agreements should be equitably reformed by the Court.

• Defendant reserves the right to assert additional defenses as its investigation and discovery in this case proceeds.

Defendant anticipates that it will file a Motion for Judgment on the Pleadings prior to the Scheduling Conference, based upon the defenses of ERISA preemption and Plaintiffs' failure to exhaust Plan claim and appeal remedies.

    c.    Other Parties:  Not applicable.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

• Plaintiff Cody Blair was employed by Defendant from April 9, 2011 to February 2, 2019.

• Plaintiff Lisa Branch was employed by Defendant from May 19, 2007 to February 2, 2019.

• Defendant communicated with Plaintiffs in early January 2019 regarding termination of employment.

• Defendant offered Release and Separation Agreements to the named Plaintiffs.

• Plaintiff Branch signed a Release and Separation Agreement on February 19, 2019, which was subsequently countersigned by Defendant on February 28, 2019.

## 5.   COMPUTATION OF DAMAGES

Plaintiff(s), individually, and on behalf of the alleged Class, seeks (i) an award of actual monetary loss caused by Defendant's breaches of contract to be paid into a common fund for benefit of Plaintiffs and the Class Members, (ii) an order declaring that Defendant's conduct breached the Release and Separation Agreements; (iii) an award of pre- and post-judgment interest; an award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; (iv) a payment to a suitable cy pres designee of all monies not claimed; and (v) such further and other relief the Court deems reasonable and just.

Defendant is not seeking recovery of damages in this litigation, except to the extent that it is entitled to recover its costs and reasonable attorneys' fees by law or agreement, as well as any other and further relief that the court deems just and proper under the circumstances.

## 6.   REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting: December 23, 2019.

b.      Date of Scheduling Conference: February 10, 2020.

c.      Names of each participant and party he/she represented: Patrick H. Peluso of Woodrow & Peluso, LLC, for Plaintiffs Cody Blair, Lisa Branch, and the similarly situated Class Members; Robert M. Thomas of Holland & Hart, LLP, on behalf of Defendant Lowe's Home Centers, LLC.

d.       Statement as to when Rule 26(a)(1) disclosures were made or will be made: February 3, 2020.

e.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R.

Civ. P. 26(a)(1): The Parties agreed to exchange Fed. R. Civ. P. 26(a)(1) disclosures on or before February 3, 2020.

      f.     Statement concerning any agreements to conduct informal discovery: The Parties commit to working cooperatively and sharing information on an informal basis where appropriate.

      g.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: The Parties commit to working cooperatively to reduce discovery and litigation costs where possible.

      h.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: counsel for the Parties discussed the potential ESI implicated in this case.  The Parties are committed to working together to reduce the costs of ESI.

      i.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The Parties are willing to engage in early settlement discussions.

## 7.  CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

      a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: No Modifications, although Defendant submits that because this action should be governed and preempted by ERISA, no

discovery should be conducted, or any discovery should be limited pursuant to the principles

established by the Tenth Circuit in *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d

1151, 1162 (10th Cir. 2010).

       b.     Limitations which any party proposes on the length of depositions: Seven (7)

hours.

       c.     Limitations which any party proposes on the number of requests for production

and/or requests for admission: Twenty-five (25).

       d.     Other Planning or Discovery Orders: See above concerning Defendant's position

regarding discovery.

### 9.  CASE PLAN AND SCHEDULE

       a.     Deadline for Joinder of Parties and Amendment of Pleadings: May 10, 2020.

       b.     Discovery Cut-Off: Plaintiffs propose the following: (1) For Class Certification:

July 10, 2020; (2) For the Merits: August 10, 2020.

Defendant proposes a discovery period on the merits for five months following the

parties' Feb. 10, 2020 Scheduling Conference (July 10, 2020), during which the Court

may resolve the merits of Defendant's Motion for Judgment on the Pleadings, after

which the parties' can conduct an additional status conference with the Court to

determine whether class discovery is necessary and how long such discovery should last.

       c.     Dispositive Motion Deadline: September 10, 2020.

       d.     Expert Witness Disclosure:

            i.  The parties shall identify anticipated fields of expert testimony, if any.

               Defendant's position: Defendant asserts that as this action is governed

and/or preempted by ERISA, expert witness testimony should not be permitted for either party.   To the extent Plaintiffs do disclose any expert witnesses, Defendant reserves the right to disclose responsive experts.

ii.   Limitations which the parties propose on the use or number of expert witnesses.  Defendant's position: see above.

iii.   Plaintiff shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 10, 2020.  Defendant shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 24, 2020.  This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

iv.   The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 10, 2020.  This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the Court.  In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(iv), the expert's written report also must identify the principles and methods on which the expert relied

in support of his/her opinions and describe how the expert applied those principles and methods

reliably to the facts of the case relevant to the opinions set forth in the written report.

      e.      Identification of Persons to Be Deposed

Defendant asserts that as this action is governed or preempted by ERISA, depositions

should not be permitted.  To the extent depositions are determined to be appropriate, either by

stipulation or Order of the Court, Defendant agrees with the below-proposed limitations on

depositions.

- Plaintiffs -- no more than 7 hours, per Plaintiff.

- Defendant's designated Fed. R. Civ. P. 30(b)(6) witness(es) --,no more than 7

hours in total.

The parties reserve the right to identify additional persons to be deposed as determined

through discovery.

All depositions must be completed on or before the discovery cut-off date and the parties

must comply with the notice and scheduling requirements set forth in D.C.COLO.LCivR. 30.1.

      f.      Deadline for Interrogatories: Plaintiffs propose the following (1) For Class

Certification July 10, 2020; (2) For the Merits: August 10, 2020.

Defendant proposes a discovery period on the merits for five months following the

parties' Feb. 10, 2020 Scheduling Conference (July 10, 2020), during which the Court

may resolve the merits of Defendant's Motion for Judgment on the Pleadings, after

which the parties' can conduct an additional status conference with the Court to

determine whether class action discovery is necessary and how long such discovery

should last.  Accordingly, to give the parties 30 days to respond to interrogatories prior

to the proposed discovery cutoff, the deadline for interrogatories would be June 10, 2020.

g.      Deadline for Requests for Production of Documents and/or Admissions: Plaintiffs propose the following (1) For Class Certification: July 10, 2020; For the Merits: August 10, 2020.

Defendant proposes a discovery period on the merits for five months following the parties' Feb. 10, 2020 Scheduling Conference (July 10, 2020), during which the Court may resolve the merits of Defendant's Motion for Judgment on the Pleadings, after which the parties' can conduct an additional status conference with the Court to determine whether class action discovery is necessary and how long such discovery should last.  Accordingly, to give the parties 30 days to respond to requests for production of documents/admissions prior to the proposed discovery cutoff, the deadline for requests for production/admissions would be June 10, 2020.

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times: _____.

b.      A final pretrial conference will be held in this case on_____, 2020, at _____.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None.

b.      Anticipated length of trial and whether trial is to the court or jury: The Parties

anticipate that a trial in this case would last 3-5 days.

Defendant asserts that as this action is governed or preempted by ERISA, no trial should

be necessary and the dispute should be decided based on the administrative record.  To

the extent the Court determines that a trial is necessary, Defendant agrees with the

above-proposed trial length, and further states that under ERISA trial must be to the

Court .

c.      Identify pretrial proceedings, if any, that the parties believe may be more

efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building,

402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal

Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that a change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2020.

BY THE COURT:


_____
United States Magistrate Judge


APPROVED:

| | |
|---|---|
| */s/ Patrick H. Peluso* | */s/ Robert M. Thomas* |
| Patrick H. Peluso | Robert M. Thomas |
| ppeluso@woodrowpeluso.com | rmthomas@hollandhart.com |
| Steven L. Woodrow | 555 17th Street, Suite 3200 |
| swoodrow@woodrowpeluso.com | Denver, CO 80202 |
| Taylor T. Smith | |
| tsmith@woodrowpeluso.com | Michael S. Beaver |
| WOODROW & PELUSO, LLC | MBeaver@hollandhart.com |
| 3900 E. Mexico Avenue, Suite 300 | 6380 S. Fiddlers Green Cir., Suite 500 |
| Denver, CO 80120 | Greenwood Village, CO  80111 |
| Tel: (720) 213-0676 | |
| Facsimile: (303) 927-0809 | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on February 3, 2020, I served the above and foregoing papers by causing such paper to be filed with the Court using the Court's electronic filing system, and I will send copies of such paper to all counsel of record via electronic mail.


<u>/s/ Patrick H. Peluso</u>